UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                  Case # 16-CR-6128-FPG

v.                                                    DECISION AND ORDER

SHAREEF McCRAY,

                                          Defendant.
_____

## INTRODUCTION

On January 6, 2021, the Court issued a Decision and Order, ECF No. 84, denying Defendant Shareef McCray's Motion for Compassionate Release, ECF No. 78. On February 1, 2021, Defendant filed a *pro se* motion asking the Court to reconsider that denial and to appoint counsel. ECF No. 39. Defendant argues that reconsideration is warranted on several grounds. First, he cites rising case numbers at Federal Correctional Institution Allenwood Low ("Allenwood Low"), including in his housing unit. ECF No. 85 at 3-5. Second, Defendant alleges that staff at Allenwood Low have failed to manage his medical conditions well because, *inter alia*, they have "struggle[ed] to diagnosis his respiratory illness," failed to refer him to an "outside specialist," and failed to test him for diabetes for over a year. *Id.* at 5-6. These alleged failures, Defendant argues, "do[ ] not inspire faith that it will adequately address defendant's current medical needs, or his future ones." *Id.* at 9. Finally, Defendant alleges that Allenwood Low's "lockdown status . . . since April 1, 2020" has resulted in the facility "not allowing any outside yard time for exercise" which, combined with "overeating," has resulted in Defendant "cross[ing] the threshold of being pre-diabetic, if not a full blown diabetic." *Id.* at 6.

Defendant also argues that the Court did not consider (1) the fact that he could be released to a halfway house as soon as March or April 2022, despite his March 22, 2023 projected release

1

date; or (2) Defendant's willingness "to be placed on electronic monitoring as long as this Court deems appropriate." ECF No. 85 at 12.

The Court has reviewed Defendant's motion for reconsideration, ECF No. 85, and considered these arguments. For the reasons set forth below, Defendant's motion for reconsideration is DENIED.

## DISCUSSION

> The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.

*United States v. Sharif*, No. 3:13-cr-172 (SRU), 2020 U.S. Dist. LEXIS 205980, at *1 (D. Conn. Nov. 4, 2020) (internal citations and quotation marks omitted).

Here, Defendant does not present any change in controlling law. He asks the Court to reconsider its decision because COVID-19 case numbers at Allenwood Low have allegedly increased; because the facility has not adequately cared for his medical needs; and because the Court did not consider Defendant's home confinement release date or the possibility of placing him on electronic monitoring.[1] ECF No. 85 at 3-12.

---

[1] The Court assumes, without deciding, that it could order home confinement-like conditions for Defendant's supervised release. *See* 18 U.S.C. § 3582(c)(1)(A) (allowing courts to "impose a term of . . . supervised release with . . . conditions that does not exceed the unserved portion of the original term of imprisonment"); *see also United States v. Brooks*, No. 07-CR-20047, 2020 WL 2509107, at *6 (C.D. Ill. May 15, 2020) (granting compassionate release and imposing "home confinement" as a condition of release). Confining Defendant to his home for almost a year, however, where he would not have access to the BOP's rehabilitative programing, would fundamentally alter his sentence in a manner that is inconsistent with the Section 3553(a) factors. *See* 18 U.S.C. § 3553(a)(2)(D) (requiring the Court to consider "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, . . . or other correctional treatment in the most effective manner"). Defendant claims that his access to programing has been "limited" because of pandemic-related lockdowns. ECF No. 71 at 14. Further, the risk of contracting COVID-19 is present outside prison as well. *See United States v. Veras*, No. 19-CR-10, 2020 WL 1675975, at *4 (M.D. Pa. Apr. 6, 2020) ("[T]he potential for exposure exists anywhere in the community, not just in jail....").

In its Decision and Order denying compassionate release, the Court considered "whether the Section 3553(a) factors supporting Defendant's original sentence outweigh the extraordinary and compelling reasons warranting compassionate release, and, in particular, whether compassionate release would undermine the goals of the original sentence." ECF No. 84 at 3-4 (citation & internal quotation marks omitted). In reaching the conclusion that Defendant was not entitled to compassionate release, the Court noted that Defendant's release date was not until March 22, 2023—still approximately two years away. *Id.* at 5. Despite Defendant's arguments regarding inadequate medical care, the Court's findings noted that a 2020 health examination "revealed that Defendant's health prognosis [was] 'good' and that he has a normal life expectancy." *Id.* (citing ECF No. 82 at 2). Furthermore, the Court noted that the only documented respiratory condition Defendant has is a dust allergy. *Id.* at 4. The CDC has not identified Defendant's alleged condition—allergies—as a condition known to increase an individual's risk of severe illness from COVID-19. *See Groups at Higher Risk for Severe Illness, CDC*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Apr. 13, 2021). There remains no documentation of any other respiratory conditions— or even what potential respiratory condition or conditions Defendant might suffer from. ECF No. 84 at 4; ECF No. 85 at 5-7.

Defendant's argument that he has diabetes is speculative, just as it was at the time of the Court's January 6, 2021 Decision & Order. *See* ECF No. 85 at 5-6 ("[D]efendant has a genetic disposition for diabetes because both his parents had diabetes"; "[D]efendant believes he has crossed the threshold of being pre-diabetic, if not a full blown diabetic."). Even assuming Defendant now has diabetes, a reduction in his sentence would still be inconsistent with the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Johnson*, No. 17 Cr. 212 (NRB), 2020

U.S. Dist. LEXIS 220504, at *3-4 (S.D.N.Y. Nov. 24, 2020) (denying reconsideration where defendant's pre-diabetes progressed to Type 2 diabetes, because the court had already considered defendant's health conditions and COVID-19 positivity rates at his prison facility, and the change in defendant's diabetes diagnoses failed to outweigh the 18 U.S.C. § 3553(a) sentencing factors).

Similarly, the alleged increase in positivity rate at Allenwood Low does not alter the Court's calculus. While Defendant's motion does allege rising case numbers, recent BOP data suggests that the infection rate has been brought under control. *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last visited April 13, 2021). According to the Bureau of Prisons, as of April 13, 2021, Allenwood Low had zero inmates with confirmed active cases of the virus and zero staff members with confirmed active cases. *Id.* In any event, even assuming there were an active, uncontained outbreak, that fact would not outweigh the § 3553(a) factors that supported, and continue to support, Defendant's sentence.

## CONCLUSION

Accordingly, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: April 19, 2021
       Rochester, New York

                                                  HON. FRANK P. GERACI, JR.
                                                  Chief Judge
                                                  United States District Court